

UNITED STATES DISTRICT COURT
NORTHER DISTRICT OF ILLINOIS
EASTERN DIVISION

JUDGE LEINENWEBER

MAGISTRATE JUDGE ROWLAND

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) No. **14 CR 580** |
| v. | ) |
| | ) Violations: Title 26, United States |
| GARY J. STERN | ) Code, Sections 7212(a) and 7206(2) |

**FILED**
OCT 1 4 2014
THOMAS G BRUTON
CLERK, U S DISTRICT COURT

<u>COUNT ONE</u>

The SPECIAL JANUARY 2014 GRAND JURY charges:

1. At times material to this indictment:

   a. The Internal Revenue Service was an agency of the United States Department of Treasury, responsible for administering and enforcing the tax laws of the United States.

   b. The Internal Revenue Code established laws for the taxation of income. Under these laws, individuals, sole proprietorships, partnerships, trusts, and corporations were required to report income to the IRS on income tax returns.

   c. Under the IRC, individual and entities were allowed to reduce the amount of their taxable income through the use of certain tax credits.

   d. IRC Section 29, renumbered as IRC Section 45K beginning January 1, 2006, permitted producers of certain fuels from nonconventional sources, including biomass (such as the methane gas produced from garbage landfills), to claim tax credits known as FNS tax credits for the production of such fuels, if such fuels were sold to an unrelated third party.

e. Under IRC Section 29, any FNS tax credits generated in years prior to 2006 which were unable to be claimed in the year they were generated could be carried forward and be used in future years only against alternative minimum tax.

f. Under IRC Section 45K, any FNS tax credits generated in 2006 or later years which were unable to be claimed in the year generated could be carried forward and used in future years as general business credits, meaning they were not limited to reducing any alternative minimum tax.

g. Defendant GARY J. STERN, of Riverwoods, Illinois, was an attorney and an equity principal at a law firm in Chicago, Illinois. Defendant STERN specialized in the areas of estate planning, asset protection, taxation, international law, and immigration law.

h. Individual A was an attorney who worked at defendant GARY J. STERN's law firm. Individual A received work assignments from defendant STERN, as well as from other attorneys at the law firm.

i. Resource Technology Corporation was a Delaware corporation, incorporated on or about February 1, 1993, by or on behalf of a group of three of defendant GARY J. STERN's clients. The business purpose of RTC was to develop landfill gas-to-energy projects and convert landfill gas into electricity to be sold to utility companies.

h. Boonville Farms, Inc. was an Indiana corporation, incorporated on or about January 27, 1995, by or on behalf of defendant GARY J. STERN's clients involved with RTC.

i. Through the business operations of RTC related to at least 26 landfill sites throughout the United States, FNS tax credits were purportedly generated, with a total of approximately $5,337,103 of those FNS tax credits allocated to Boonville Farms for tax years 1997, 1998, and 1999.

2. Beginning no later than the fall of 2006, and continuing through at least October 2010, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

GARY J. STERN,

defendant herein, corruptly obstructed and impeded, and endeavored to obstruct and impede, the IRS in the due administration of the Internal Revenue Code, namely, in the correct identification and reporting of income, and the assessment and collection of income taxes, penalties, and interest due to the United States.

3. It was part of the corrupt endeavor that defendant GARY J. STERN devised and organized a series of transactions for defendant STERN's clients resulting in the transfer of the Boonville Farms FNS tax credits, through a number of entities, and ultimately to an entity named Merrillville Trust. The purpose and effect of these transactions was to defraud the United States of America, by attempting to fraudulently conceal the alleged nature and source of the FNS tax credits ultimately allocated to Merrillville Trust, and to illegally reduce or eliminate the income tax liability of the individual grantors of Merrillville Trust. In all, at least 34 individual grantors of Merrillville Trust reported the fraudulent FNS tax credits on approximately 55 different

joint and individual Form 1040 income tax returns for tax years including 2006, 2007, and 2008, resulting in a tax loss to the United States of about $4,898,076.

4. It was further part of the corrupt endeavor that in or about the fall of 2006, defendant GARY J. STERN and Individual A met with the clients to discuss the FNS tax credits that had been allocated to Boonville Farms in tax years 1997, 1998 and 1999. About the time of this meeting, on or about November 2, 2006, Individual A issued a memorandum to defendant STERN informing defendant STERN that the Boonville Farms FNS tax credits could not legally carryover to another entity under the type of merger transaction defendant STERN intended to organize for the clients. Nevertheless, defendant STERN decided to proceed with a series of transactions to transfer the FNS tax credits that had been allocated to Boonville Farms to other entities.

5. It was further part of the corrupt endeavor that on or about December 19, 2006, Individual A, acting under the direction and supervision of defendant GARY J. STERN, signed a Certificate of Formation for a limited liability company named Gary, LLC with the state of Delaware. Portage, LLC was named as the 100% member of Gary, LLC. On or about December 21, 2006, defendant STERN caused Gary, LLC to be established with and assigned an Employer Identification Number by the IRS, with a stated business purpose of "asset management."

6. It was further part of the corrupt endeavor that on or about December 19, 2006, Individual A, acting under the direction and supervision of defendant GARY J. STERN, signed a Certificate of Formation for a limited liability company named Portage, LLC with the state of Delaware. Merrillville Trust was named as the 100% member of

4

Portage, LLC. On or about December 21, 2006, defendant STERN caused Portage, LLC to be established with and assigned an EIN by the IRS, with a stated business purpose of "asset management." Also on or about December 21, 2006, defendant GARY J. STERN caused Merrillville Trust to be established with and assigned an EIN by the IRS, with a stated business purpose of "trust."

7. It was further part of the corrupt endeavor that defendant GARY J. STERN caused Boonville Farms and Gary, LLC to be merged as of December 30, 2006, with Gary, LLC being the surviving limited liability company, and with Portage, LLC named as the 100% member of Gary, LLC.

8. It was further part of the corrupt endeavor that on or about January 3, 2007, defendant GARY J. STERN caused an Application for Registration of a Tax Shelter to be filed with the IRS for Merrillville Trust, with a tax shelter description of "Extraction of methane gas from closed landfills for Section 29 or Section 45K tax credits."

9. It was further part of the corrupt endeavor that on or about April 15, 2007, Individual A, acting under the direction and supervision of defendant GARY J. STERN, created a 2006 U.S. Corporation Income Tax Return, Form 1120, in the name of Boonville Farms, Inc., including a Form 8827, "Credit for Prior Year Minimum Tax – Corporations," on which a minimum tax credit carryforward from 2005 was reported in the amount of $5,337,103.

10. It was further part of the corrupt endeavor that on or about April 15, 2007, Individual A, acting under the direction and supervision of defendant GARY J. STERN, created a 2006 U.S. Income Tax Return for an S Corporation, Form 1120S, in the name

5

of Portage, LLC, on which "Other credits," further described in a Statement attached to the return as Nonconventional Source Fuel Credit, Form 8907, were falsely reported in the amount of $5,337,103.

11. It was further part of the corrupt endeavor that on or about April 15, 2007, Individual A, acting under the direction and supervision of defendant GARY J. STERN, created a 2006 U.S. Income Tax Return for Estates and Trusts, Form 1041, in the name of Merrillville Trust, on which the FNS tax credits were improperly allocated to 47 individual grantors of Merrillville Trust in the total amount of $5,337,103. These individual grantors invested approximately $3,770,161 to obtain the FNS tax credits.

12. It was further part of the corrupt endeavor that, after Individual A prepared and issued a letter on or about April 24, 2007, to the clients, which letter defendant GARY J. STERN had reviewed and revised, explaining various reasons why the FNS tax credits allocated to Boonville Farms prior to 2006 could not legally be converted from alternative minimum tax credits to general business credits, and then be transferred to individual shareholders, that defendant STERN falsely reassured his clients that the transactions were in fact legal.

13. It was further part of the corrupt endeavor that between April 2007 and October 2010, defendant GARY J. STERN aided and assisted in, and procured, counseled, and advised the preparation and presentation to the IRS of at least 55 joint and individual Form 1040 tax returns for tax years 2006, 2007, and 2008, which falsely claimed FNS tax credits in the total amount of $4,898,076.

14. It was further part of the corrupt endeavor that on or about October 6, 2008, Individual A, acting under the direction and supervision of defendant GARY J. STERN, prepared and issued a letter to an IRS employee in response to an audit of an individual who had claimed FNS tax credits obtained from Merrillville Trust. In this letter, Individual A explained the mechanics of how the purported FNS tax credits were generated and passed through Boonville Farms, ultimately to be allocated to Merrillville Trust, in an effort to legitimize to the IRS the unlawful use of the FNS tax credits.

15. It was further part of the corrupt endeavor that defendant GARY J. STERN caused the preparation and filing of false income tax returns through October 2010.

16. It was further part of the corrupt endeavor that defendant GARY J. STERN concealed, misrepresented, and hid, and caused to be concealed, misrepresented, and hidden, the existence of the corrupt endeavor, the purposes of the corrupt endeavor, and the acts done in furtherance of the corrupt endeavor.

All in violation of Title 26, United States Code, Section 7212(a).

## COUNT TWO

The SPECIAL JANUARY 2014 GRAND JURY further charges:

1. Paragraph 1 of Count One is incorporated here.

2. On or about October 14, 2008, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

GARY J. STERN,

defendant herein, willfully aided and assisted in, and procured, counseled, and advised, the preparation and presentation to the IRS of a joint return and claim on behalf of Taxpayer DJ, namely, a U.S. Individual Income Tax Return, Form 1040, for tax year 2007. The return was false and fraudulent as to a material matter, in that defendant STERN caused the false representation that Taxpayer DJ was entitled under the provisions of the IRC to claim FNS tax credits in the amount of $41,095, whereas, as defendant STERN then and there knew, Taxpayer DJ was not entitled to such FNS tax credits.

In violation of Title 26, United States Code, Section 7206(2).

## COUNT THREE

The SPECIAL JANUARY 2014 GRAND JURY further charges:

1. Paragraph 1 of Count One is incorporated here.

2. On or about October 16, 2008, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

GARY J. STERN,

defendant herein, willfully aided and assisted in, and procured, counseled, and advised, the preparation and presentation to the IRS of a joint return and claim on behalf of Taxpayer PB, namely, a U.S. Individual Income Tax Return, Form 1040, for tax year 2007. The return was false and fraudulent as to a material matter, in that defendant STERN caused the false representation that Taxpayer PB was entitled under the provisions of the IRC to claim FNS tax credits in the amount of $30,380, whereas, as defendant STERN then and there knew, Taxpayer PB was not entitled to such FNS tax credits.

In violation of Title 26, United States Code, Section 7206(2).

## COUNT FOUR

The SPECIAL JANUARY 2014 GRAND JURY further charges:

1. Paragraph 1 of Count One is incorporated here.

2. On or about October 16, 2008, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

GARY J. STERN,

defendant herein, willfully aided and assisted in, and procured, counseled, and advised, the preparation and presentation to the IRS of an individual return and claim on behalf of Taxpayer SM, namely, a U.S. Individual Income Tax Return, Form 1040, for tax year 2007. The return was false and fraudulent as to a material matter, in that defendant STERN caused the false representation that Taxpayer SM was entitled under the provisions of the IRC to claim FNS tax credits in the amount of $67,705, whereas, as defendant STERN then and there knew, Taxpayer SM was not entitled to such FNS tax credits.

In violation of Title 26, United States Code, Section 7206(2).

## COUNT FIVE

The SPECIAL JANUARY 2014 GRAND JURY further charges:

1. Paragraph 1 of Count One is incorporated here.

2. On or about October 23, 2008, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

GARY J. STERN,

defendant herein, willfully aided and assisted in, and procured, counseled, and advised, the preparation and presentation to the IRS of an individual return and claim on behalf of Taxpayer RL, namely, a U.S. Individual Income Tax Return, Form 1040, for tax year 2007. The return was false and fraudulent as to a material matter, in that defendant STERN caused the false representation that Taxpayer RL was entitled under the provisions of the IRC to claim FNS tax credits in the amount of $150,718, whereas, as defendant STERN then and there knew, Taxpayer RL was not entitled to such FNS tax credits.

In violation of Title 26, United States Code, Section 7206(2).

## COUNT SIX

The SPECIAL JANUARY 2014 GRAND JURY further charges:

1. Paragraph 1 of Count One is incorporated here.

2. On or about October 27, 2008, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

GARY J. STERN,

defendant herein, willfully aided and assisted in, and procured, counseled, and advised, the preparation and presentation to the IRS of a joint return and claim on behalf of Taxpayer BF, namely, a U.S. Individual Income Tax Return, Form 1040, for tax year 2007. The return was false and fraudulent as to a material matter, in that defendant STERN caused the false representation that Taxpayer BF was entitled under the provisions of the IRC to claim FNS tax credits in the amount of $71,152, whereas, as defendant STERN then and there knew, Taxpayer BF was not entitled to such FNS tax credits.

In violation of Title 26, United States Code, Section 7206(2).

## COUNT SEVEN

The SPECIAL JANUARY 2014 GRAND JURY further charges:

1. Paragraph 1 of Count One is incorporated here.

2. On or about October 29, 2008, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

## GARY J. STERN,

defendant herein, willfully aided and assisted in, and procured, counseled, and advised, the preparation and presentation to the IRS of an individual return and claim on behalf of Taxpayer JK, namely, a U.S. Individual Income Tax Return, Form 1040, for tax year 2007. The return was false and fraudulent as to a material matter, in that defendant STERN caused the false representation that Taxpayer JK was entitled under the provisions of the IRC to claim FNS tax credits in the amount of $154,534, whereas, as defendant STERN then and there knew, Taxpayer JK was not entitled to such FNS tax credits.

In violation of Title 26, United States Code, Section 7206(2).

## COUNT EIGHT

The SPECIAL JANUARY 2014 GRAND JURY further charges:

1. Paragraph 1 of Count One is incorporated here.

2. On or about October 29, 2008, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

GARY J. STERN,

defendant herein, willfully aided and assisted in, and procured, counseled, and advised, the preparation and presentation to the IRS of a joint return and claim on behalf of Taxpayer SR, namely, a U.S. Individual Income Tax Return, Form 1040, for tax year 2007. The return was false and fraudulent as to a material matter, in that defendant STERN caused the false representation that Taxpayer SR was entitled under the provisions of the IRC to claim FNS tax credits in the amount of $58,763, whereas, as defendant STERN then and there knew, Taxpayer SR was not entitled to such FNS tax credits.

In violation of Title 26, United States Code, Section 7206(2).

A TRUE BILL:

_____
FOREPERSON

_____
UNITED STATES ATTORNEY